Aaron W. Baker, OSB No. 922220
aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
serena@awbakerlaw.com
BAKER LAW PC
1 SW Columbia, Suite 1850
Portland, OR 97204
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DWIGHT MORGAN**, | Case No. 3:21-cv-01445 |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices |
| **KGS2 GROUP LLC dba EXPRESS EMPLOYMENT PROFESSIONALS**, and **NORTHWEST RUBBER EXTRUDERS, INC.**, | (42 U.S.C. § 1981; ORS 659A.030; ORS 659A.199) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for himself to redress injuries done to him by Defendants and officers, employees, or agents of said Defendants in

COMPLAINT - 1

contravention of his federally protected rights in violation of 42 U.S.C. § 1981, and his state protected rights in violation of Oregon's anti-discrimination laws, ORS 659A.030 and ORS 659A.199.

### Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 et seq., 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

### General Factual Allegations

4.

Defendant KGS2 Group LLC dba Express Employment Professionals (hereinafter "Defendant Express") was and is at all times herein mentioned a domestic limited liability company registered in the state of Oregon, doing business in Washington County, Oregon.

5.

Defendant Northwest Rubber Extruders, Inc. (hereinafter "Defendant Northwest Rubber") was and is at all times herein mentioned a corporation incorporated in the state of Oregon, doing business in Washington County, Oregon.

6.

Plaintiff was and is a resident of Oregon at all material times herein.

7.

At all material times herein, Plaintiff was supervised by Defendants' employees or agents and Plaintiff relied on the actual or apparent authority of Defendants' employees, supervisors, and management for Defendants.

8.

Defendants discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, racial discrimination, racial harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination and for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

9.

Plaintiff is a black, African American male.

10.

Plaintiff began working for Defendant Express in or about 2019. On or about February 3, 2020, Defendant Express assigned Plaintiff to Defendant Northwest Rubber as a press operator.

11.

Plaintiff had years of prior experience working in Defendant Northwest Rubber's industry and worked hard for Defendants. Plaintiff was the only black person working at Defendant Northwest Rubber.

12.

Plaintiff was discriminated against and subjected to a hostile work environment because of his race and was treated less favorably and subjected to heightened scrutiny compared to other similarly situated individuals outside of Plaintiff's race. These incidents include, but are not limited to, the following

examples:

1. Defendant Northwest Rubber's employees referred to and/or called Plaintiff "nigger" on a nearly daily basis during his employment.
2. On Plaintiff's first day, everyone stared at Plaintiff and did not speak with Plaintiff.
3. When Plaintiff would go into the breakroom at lunch time, his coworkers would stop their conversations and stare at Plaintiff. His coworkers would leave the breakroom after Plaintiff would sit down.
4. At the beginning of Plaintiff's employment, while he was in the breakroom, one of his coworkers walked into the breakroom and said to Plaintiff "what the Hell are you doing here?" or words to that effect. Plaintiff responded that he worked there. The coworker exclaimed, "there aren't any 'niggers' working here and there never will be any working here!" or words to that effect.
5. A coworker referred to Plaintiff and said, "who put that fucking 'nigger' here?" or words that effect.
6. Plaintiff heard coworkers say, "here comes that 'nigger'" or words to that effect.
7. A female supervisor yelled and cussed at Plaintiff for ten minutes during his first week at Defendant Northwest Rubber.
8. Plaintiff's coworkers would say that Plaintiff was trying to steal their jobs.
9. Plaintiff's coworkers would warn Plaintiff not to steal their lunches.
10. Defendant Northwest Rubber expected more from Plaintiff than it expected from Plaintiff's coworkers, including expecting Plaintiff to perform more dangerous and more difficult jobs.
11. Plaintiff's coworkers threatened Plaintiff with physical harm.

COMPLAINT - 4

12. Plaintiff's coworkers sabotaged Plaintiff's job performance, including by placing waste the coworker produced in Plaintiff's work area.
13. Defendant Northwest Rubber placed Plaintiff in dangerous situations, including placing Plaintiff between an extremely hot oven and an extremely cold canister of liquid nitrogen.
14. Plaintiff's coworkers were expected to use a blow horn when they were backing equipment up to prevent hitting others. When they were in Plaintiff's work area, they would not use the blow horn so Plaintiff might not notice them backing up resulting in an increased likelihood that Plaintiff would be hit by the equipment.
15. Plaintiff's coworkers would ask Plaintiff about what black people were doing and why they were doing it, as if Plaintiff was a spokesperson for black people.
16. Plaintiff's coworker yelled, "get back over there 'nigger!'" or words to that effect at Plaintiff. The coworkers in the area laughed.
17. Plaintiff's coworkers would tamper with Plaintiff's lunch when he would put it in the refrigerator. For example, on multiple occasions the lid of Plaintiff's beverage would be removed, leaving Plaintiff to wonder if his coworkers had put something in his drink.
18. On one occasion, Plaintiff's coworker put pieces of waste rubber in Plaintiff's work area. When Plaintiff was cleaning up the pieces, the coworker who had placed the pieces in Plaintiff's area was holding a two-foot-long knife in his hand and yelled at Plaintiff "get the fuck back" or words to that effect. Plaintiff feared for his safety.
///
///

COMPLAINT - 5

13.

Plaintiff reported and complained to Defendants about the discrimination and harassment. Defendants failed to take adequate action to address Plaintiff's complaints and to prevent further discrimination and/or harassment. Indeed, the discrimination and/or harassment continued.

14.

A human resources ("HR") person saw the incident during which Plaintiff's coworker yelled at Plaintiff while holding the long knife. The HR person interjected, "hey, what's going on?" or words to that effect. Defendant Northwest Rubber's manager Joe Lucas III brought Plaintiff and the coworker into the office and told Plaintiff and his coworker that the dispute needed to be resolved. Plaintiff responded that he does not have a dispute other than worrying about "who is going to try to hurt [him] next" or words to that effect. Defendant Northwest Rubber's manager responded that if Plaintiff and his coworker cannot get along, Defendant would need to let one of them go or words to that effect. Plaintiff's coworker exclaimed, "who the fuck do you think you are? Get rid of this 'nigger!'" or words to that effect and left. Defendant Northwest Rubber's manager commented, "that saved us a lot of money!" or words to that effect. He then stated, "get back to work, Dwight, unless you want to quit, too" or words to that effect, and then laughed.

15.

During Plaintiff's employment with Defendant Northwest Rubber, Plaintiff complained to Jill Loveless, the franchise owner and managing partner of Defendant Express that he was being called "nigger" by his coworkers at Defendant Northwest Rubber. Loveless responded that she would have Plaintiff transferred to another department with Defendant Northwest Rubber. Plaintiff

COMPLAINT - 6

was transferred to an area that was just around the corner from some of the employees who called Plaintiff "nigger."

16.

Plaintiff made complaints to Defendant Northwest Rubber about various safety issues, including but not limited to Defendant's lack of training that would prevent injuries and would allow employees to do their jobs safely and efficiently. Plaintiff also complained about the hazardous chemical vapors in the building and Defendant's inadequate ventilation.

17.

In or about October of 2020, due to the ongoing discrimination, harassment, dangerous conditions, and retaliation, Plaintiff had no reasonable alternative but to end his employment with Defendant Northwest Rubber.

## First Claim for Relief
## ORS 659A.030 – Discrimination
## (Against All Defendants)

18.

Plaintiff realleges paragraphs 1 through 17.

19.

Defendants discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to constructively discharging Plaintiff, on the basis of race in violation of ORS 659A.030.

20.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages, including lost wages, in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

///

21.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

22.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

23.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

## Second Claim for Relief
## 42 U.S.C. § 1981 – Discrimination
## (Against All Defendants)

24.

Plaintiff realleges paragraphs 1 through 23.

25.

Defendants discriminated against Plaintiff in the terms and conditions of employment, including but not limited to constructively discharging Plaintiff, on the basis of his race in violation of 42 U.S.C. § 1981.

26.

As a result of the discrimination by Defendants, Plaintiff has incurred economic damages including lost wages in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

///

27.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

28.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

29.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. § 1988.

### Third Claim for Relief
### ORS 659A.030 – Hostile Work Environment
### (Against All Defendants)

30.

Plaintiff realleges paragraphs 1 through 29.

31.

Defendants' conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

32.

Plaintiff realleges his damages as stated in Paragraphs 20 through 23 above.

///

## Fourth Claim for Relief
## 42 U.S.C. § 1981 – Hostile Work Environment
## (Against All Defendants)

33.

Plaintiff realleges paragraphs 1 through 32.

34.

Defendants' conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

35.

Plaintiff realleges his damages as stated in Paragraphs 26 through 29 above.

## Fifth Claim for Relief
## ORS 659A.030 – Retaliation
## (Against All Defendants)

36.

Plaintiff realleges paragraphs 1 through 35.

37.

Defendants discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

///

///

///

38.

Defendants' retaliation against Plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated ORS 659A.030.

39.

Plaintiff realleges his damages as stated in Paragraphs 20 through 23 above.

## Sixth Claim for Relief

## 42 U.S.C. § 1981 – Retaliation

## (Against All Defendants)

40.

Plaintiff realleges paragraphs 1 through 39.

41.

Defendants discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

42.

Defendants' retaliation against Plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

43.

Plaintiff realleges his damages as stated in Paragraphs 26 through 29 above.

///

///

## Seventh Claim for Relief

## ORS 659A.199 – Whistleblower Retaliation

## (Against All Defendants)

44.

Plaintiff realleges paragraphs 1 through 43.

45.

Defendants retaliated against Plaintiff in the terms and conditions of his employment in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

46.

Plaintiff realleges his damages as stated in Paragraphs 20 through 23 above.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For permanent injunctive relief enjoining Defendants, their officers, employees, and agents from engaging in any harassment or discrimination based on race or for retaliating against any employee opposing unlawful employment practices;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney fees; and

///

///

///

6. For such other and further relief as the Court may deem just and equitable.

DATED this 1st day of October, 2021.

                        BAKER LAW PC

                        *s/Serena L. Liss*
                        Aaron W. Baker, OSB No. 922220
                        Serena L. Liss, OSB No. 154799
                        Attorneys for Plaintiff